STUART HANLON (CSBN. 066104)
LAW OFFICES OF HANLON AND RIEF
1663 Mission Street, Suite 200
San Francisco, CA 94103
Telephone: (415) 864-5600

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: CR 16-00382-HSG |
| Plaintiff, | |
| vs. | STIPULATION AND ~~PROPOSED~~ ORDER TO MODIFY THE TERMS OF PRETRIAL RELEASE |
| CLAUDIA MUNOZ, | |
| Defendant | |

The parties, through Stuart Hanlon, attorney for defendant Claudia Munoz, and the United States, through Frank Riebli, stipulate as follows:

Defendant's original pretrial release conditions included no contact with her co-defendant Oscar Escalante, who remains in custody. This no contact was agreed to Ms. Munoz's counsel at the time of her release and was therefore not litigated. Ms. Munoz and Mr. Escalante are not married and have a six year old daughter together who lives with Ms. Munoz along with her 20 year old daughter.  This condition was subsequently modified by stipulation of the Government and counsel for Munoz and Escalante to allow limited contact between the defendants on the phone and through mail to facilitate conversations with the father and his daughter and thus the parent –child relationship, This was done as such contact was in the best interests of the child.

The stipulation stated that the calls, and letters, could not include any conversation between Munoz and Escalante regarding the case, or any issues related to the case, and would be minimal. Ms. Munoz was always aware that the conversations were tape recorded by the jail and the mail would be reviewed, and both calls and mail would be available to the Government.

Recently, Assistant Frank Riebli contacted defense counsel, to advise of problems that had occurred during the phone calls. The conversations, according to U.S. attorney Mr. Riebli, who has heard conversations (defense counsel has not) went beyond brief greetings to conversations about their personal relationship and about their daughter. The government has not yet reviewed all the calls but that there is no discussion of the case in the calls reviewed so far.

Counsel has discussed this issue with Ms. Munoz. She is in an extremely difficult situation. She was in a relationship with Oscar Escalante at the time of her arrest. This relationship has changed since he is in custody and she is now aware of certain activities that were occurring prior to the arrest. However, he remains someone she is close to and the father of her young daughter.

Ms. Munoz has had a difficult time raising her daughter in this context and at the same time maintain a relationship between the father of her daughter. Ms. Munoz believes such relationship is very important even if the father is in custody.

Ms. Munoz has lost her job. She at times, will discuss with Oscar Escalante certain situation in her life and issues related to raising their daughter. Further, they had a long term personal relationship that ended suddenly due to their arrest.  There is no rational reason why some personal discussions with the two parents cannot take place. The key issue is that there be no communication with co-defendants about any aspect of their case to avoid conversations or letters   that can, create false testimony's, threaten witnesses etc. This limitation will remain in place, and can and will be monitored as all calls are taped and mail will be monitored.

Regardless if Ms. Munoz is guilty or not, the events for her has been life changing – she has never been in trouble before and faces extremely difficult situations in her life. To cut her off from the person she has been close to, and from the father of her child, simply is not necessary and on some-level is cruel. Counsel believes co-defendant Oscar Escalante does not have such limitations on contact with his wife who is also a defendant in this action and who is also out of custody.

For these reasons, it is requested that the conditions of pretrial release be modified so that Ms. Munoz can have reasonable conversations with co-defendant Oscar Escalante on the phone during calls with Mr. Escalante and their daughter as long as these conversations do not in any way involve the pending case, including, threats to witnesses, or creating false evidence. These calls will continue to be recorded by the jail and thus monitored by the

Government. Further, she can have mail contact with this codefendant under the same limitations, and the mail from her can and will be monitored by the jail and made available to the Government.

Dated: November 29, 2016          /S/ Stuart Hanlon
                                          STUART HANLON
                                          Attorney for Defendant Claudia Munoz

Dated: November 29, 2016          /S/ Frank J. Riebli
                                          FRANK J. RIEBLI
                                          Assistant United States Attorney

**ORDER**

Good cause having been shown, IT IS ORDERED that the above stipulation is accepted and made an Order of the Court.

Dated: \_\_\_12/7/16_____          _/s/ Kandis Westmore_
                                            Magistrate Judge of the Northern District court